UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARYL  WISE and<br>ERIKA  WISE,<br><br>                              Plaintiffs,<br><br>              vs.<br><br>Sheriff JOHN R. LAYTON in his<br>individual and official capacity,<br>Chief Deputy EVA TALLEY-SANDERS<br>in her individual capacity,<br>Lieutenant Colonel GARY TINGLE in his<br>individual capacity,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    1:12-cv-01169-RLY-DML<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs, Daryl Wise and Erika Wise, are former employees of the Marion

County Sheriff's Office, who were terminated from their employment following a

suspension without pay.  The reason for those suspensions was not provided to Plaintiffs

prior to their terminations.  Plaintiffs filed the present lawsuit under 42 U.S.C. § 1983,

claiming that the Defendants violated their due process rights because they did not

receive either a pre-termination or post-termination hearing.  For the reasons set forth

below, Defendants' motion is **GRANTED** in part, and **DENIED** in part.

## I.    Standard of Review

Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon

which relief may be granted."  FED. R. CIV. P. 12(b)(6).  To properly state a claim, a

1

complaint must contain allegations that "'state a claim to relief that is plausible on its face.'"  *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged."  *Id.*

## II.   Discussion

### A.   Evidentiary Submissions

In deciding a motion to dismiss, a court may consider documents attached to the complaint or attached to a defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the plaintiff's claims.  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).  A court may also take judicial notice of an undisputed fact in a public record.  *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

Here, Defendants attached a copy of the collective bargaining agreement between the Sheriff of Marion County, Marion County, and the Indiana F.O.P. Labor Council, Inc. and a copy of the Marion County Sheriff's Department Civilian Employee Rules and Regulations, to their motion to dismiss.  These documents, however, are not referred to in Plaintiffs' Complaint.  Moreover, judicial notice pertains only to adjudicative facts – i.e., "the facts of a particular case" – that are not subject to reasonable dispute because they are: (1) generally known within the trial court's territorial jurisdiction; or (2) can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED.R.EVID. 201(a) & (b); *United States v. Arroyo*, 310 Fed.Appx. 928, 929 (7th Cir. 2009) (defining adjudicative facts).  The substance of these documents is not something generally known within the court's territorial jurisdiction, and the interpretation of these documents is subject to reasonable dispute.  Accordingly, the court will not consider the collective bargaining agreement or the Civilian Employee Rules and Regulations for purposes of this motion.

### B.    Plaintiffs' Due Process Claims

To prevail on their due process claims, Plaintiffs must establish that they had a protected property right in continued employment. *Greer v. Amesqua*, 212 F.3d 358, 367 (2000); *Kolman v. Sheahan*, 31 F.3d 429, 434 (7th Cir. 1994).  Property interests are not created by the Constitution; instead, they are "established 'by existing rules or understandings that stem from an independent source such as state law – rules and understandings that secure certain benefits and that support claims of entitlement to those benefits.'"  *Colburn v. Trustees of Indiana Univ.*, 973 F.2d 581, 589 (7th Cir. 1992) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

### 1.    Daryl Wise

Plaintiffs' Complaint alleges that Daryl graduated at the top of his class at "a law enforcement academy," was sworn as a deputy for the Marion County Sheriff's Department, and served as a deputy at the Arrestee Processing Center.  (Compl. ¶ 15). The issue raised by Defendants' motion is whether Daryl was a "special deputy" or a merit deputy.  This determination is important, because a merit deputy may only be

terminated for cause following a hearing before the merit board.  *Id.* § 36-8-10-11.   A

merit deputy, therefore, does have a property right in his continued employment.  *See*

*Kivett v. Marion County Sheriff's Dep't*, 2007 WL 906470, at * 11 (S.D. Ind. March 22,

2007) (noting that "special deputies were not merit deputies and could not claim the

property rights the Legislature had afforded merit deputies").  A "special deputy" does

not.  IND. CODE § 36-8-10-10.6(a) ("A special deputy may be removed by the sheriff at

any time, without notice and without assigning any cause.").

A special deputy is defined by statute as a person appointed by the sheriff "who is

employed by a governmental entity . . . or private employer, the nature of which

employment necessitates that the person have the powers of a law enforcement officer."

*Id*.  Because Marion County is within a consolidated city, only special deputies may serve

"the purpose of guarding prisoners in the county jail."  *Id.* § 36-8-10-10.6(f)(2).

Defendants' argument requires the court to make the factual determination that

Daryl was a special deputy, as opposed to a merit deputy, because he works at the

Arrestee Processing Center.  Yet, one who works at the Arrestee Processing Center is not

necessarily serving the purpose of "guarding prisoners in the county jail."  The Arrestee

Processing Center  processes arrestees and is separate and distinct from the Marion

County Jail.  Given Daryl's allegations that he graduated from a law enforcement

academy, was sworn as a deputy, and served in that capacity at the Arrestee Processing

Center, the court cannot determine, as a matter of law, that he is a *special* deputy with no

property rights in his employment.

Defendants contend that even if they violated Daryl's property rights, they are entitled to qualified immunity. Qualified immunity involves two issues: (1) whether the defendant violated a constitutional right; and (2) whether the constitutional right was clearly established. *Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 914 (7th Cir. 2011). With respect to the first factor, as noted above, an issue of fact remains. With respect to the second factor, Defendants cite the court's summary judgment entry in *Kivett*, 2007 WL 906470. In that case, the court held that a corrections officer working in the Marion County Jail did not have a property right in her position. *Id.* at **13, 15. In the alternative, the court held that even if she did, the Sheriff would have been entitled to qualified immunity because the Sheriff "could reasonably have believe [sic] that, regardless of any contractual rights, a correctional officer was an at-will employee under Indiana law." *Id.* at *15.

The problem with Defendants' argument is that the plaintiff in *Kivett* was a corrections officer at the Marion County Jail, and as such, was a "special deputy." As noted above, the court does not have enough facts before it to determine whether Daryl was a special deputy who was not entitled to due process prior to his suspension and termination, or whether he was a merit employee entitled to due process prior to his suspension and termination. The resolution of that factual matter renders any determination on qualified immunity inappropriate. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("Because an immunity defense usually depends on the facts of the case, dismissal at the pleadings stage is inappropriate."). Accordingly, the court finds that Daryl's due process claim survives the present motion.

5

### 2.   Erika Wise

Plaintiffs' Complaint alleges that Erika worked in the Inmate Records Department, and had served in that position since September 2009.  (*Id*. ¶ 17).  As with Daryl, the issue is whether Erika had a property right in her continued employment in the department.

In the absence of an employment contract for a definite term or other language indicating that an employee may only be terminated for cause or by mutual agreement, Indiana law presumes that employment is at-will and may be terminated at any time, with or without cause.  *Bee Window, Inc. v. Turman*, 716 N.E.2d 498, 500 (Ind. Ct. App. 1999) (citing *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997)). Here, Erika does not allege she had an employment contract for a definite term with the Marion County Sheriff's Department, that she was a merit employee terminable only for cause or by mutual agreement, or that she had an expectation of continued employment. Moreover, in her Response, Erika does not specifically dispute Defendants' assertion that she is an at-will employee.  Instead, she skirts the issue altogether by arguing[1] that letters from the Sheriff advising her of her suspension pending the outcome of an investigation somehow created an expectation of continued employment. Erika's interpretation of the Sheriff's letters is speculative at best, and is insufficient to state a claim.  Accordingly, the court finds that Erika does not have a protectable property interest in her employment, and thus, her due process claim must be dismissed.

---

[1] Daryl raised this argument as well.

6

### III.      Conclusion

For the reasons set forth above, the court **GRANTS in part and DENIES in part**

Defendants' Motion to Dismiss (Docket # 8).  Defendants' Motion to Dismiss is

**GRANTED** with respect to Erika Wise's due process claim, and **DENIED** with respect

to Daryl Wise's claim.

**SO ORDERED** this 17th day of April 2013.

_____

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.